IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–232–EWN–OES

ROBERT K. FLOYD,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS - ARAPAHOE,
ARAPAHOE COUNTY SHERIFF'S DEPT.,
DOES 1 - 50,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge" filed August 27, 2003. Accurately summarizing materials in the court's file, the recommendation recites the various errors and omissions of Plaintiff and his counsel, culminating in the failure of both to appear at a conference held on August 27, 2003. Although Plaintiff has objected to the recommendation, he does not contest the accuracy of the magistrate judge's summary. That summary is incorporated here by reference and will not be repeated.

Plaintiff's meandering objections, which the court reviews *de novo*, make a number of points, all of which are singly or collectively insufficient. First, counsel observes that he is a sole practitioner and that, "when his case load warrants immediate or emergency work," this circumstance puts him in the position of "temporarily slighting other parts of his case load." He alludes elsewhere to his busy schedule and recites a list of pending matters. Counsel's argument

is not persuasive and does not excuse his conduct or that of his client.  The local rules adopt the Colorado Rules of Professional Conduct as the standards for members of this court's bar.  *See* D.C.COLO.LCivR 83.4.  Similar to such standards in other states, these rules require that the lawyer act competently (Colo.R.Prof. Conduct 1.1) and diligently (Colo.R.Prof. Conduct 1.3).  If counsel's commitments to other matters precluded diligent action on this one, he should not have undertaken this representation.

The court recognizes, of course, that there may be times when emergency matters, scheduling conflicts, and the like require extensions of time and delays in hearings until the conflicts can be reconciled and emergencies can pass.  Those delays and extensions should be short, and — equally important — they should be sought as accommodations from opposing counsel and the court.  It is hard to conceive of circumstances when emergency matters and scheduling conflicts justify ignoring court orders, failing to appear, and inconveniencing the court and opposing counsel.  That is precisely what Plaintiff and his counsel fail to recognize.  There is no reason why opposing counsel and the court could not have been asked *in advance* to accommodate Plaintiff's counsel, and the emergencies cited in the objections do not persuade the court that the magistrate judge's recommendation is incorrect.  To the contrary, the magistrate judge analyzed the factors set forth in cases such as *Erenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and correctly concluded that all of those factors point in the same direction — dismissal with prejudice.  Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The case is DISMISSED with prejudice.  Defendants may have their costs by filing a

bill of costs within ten days of this date.

3. Any other pending motions are DENIED as moot.

DATED this 23rd day of November, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge